# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-0114 (WMW/HB) |
| Plaintiff, | **ORDER** |
| v. | |
| Mario Martell Spencer (1) and Ahmed Osman Farah (2), | |
| Defendants. | |

Before the Court are motions in limine filed by Defendants Mario Martell Spencer and Ahmed Osman Farah and Plaintiff United States of America. As addressed below, Defendants' motions are granted in part and denied in part and the United States's motions are granted in part and denied in part.

## BACKGROUND

Two individuals brandishing firearms robbed a convenience store in Minneapolis on March 23, 2018. After receiving a description of the perpetrators and the getaway vehicle over the dispatch radio, Minneapolis police officers encountered a vehicle that matched the description. The officers attempted to initiate a traffic stop, but the vehicle fled, led police on a chase, and eventually crashed into a garage. After approaching the crashed vehicle and observing that it was empty, the officers searched the area for the suspects. A short time later, the police apprehended Spencer and Farah separately on foot. A grand jury subsequently returned an indictment charging Spencer and Farah with three

offenses—interference with commerce by robbery; using, carrying, and brandishing a firearm during and in relation to a crime of violence; and unlawful possession of a firearm by a felon.

Farah waived his right to counsel on February 26, 2019, and attorney James S. Becker's representation of Farah was terminated. The Court appointed Becker as Farah's standby counsel over Farah's objection and scheduled trial to begin May 6, 2019. The parties filed several motions in limine and other pretrial motions, and the Court heard argument on those motions at an April 24, 2019 pretrial hearing. At the pretrial hearing, Spencer withdrew his pro se motion for substitute counsel. In addition, Farah made an oral motion to reappoint Becker has his counsel, which the Court granted. The Court also granted Farah's motion to continue the trial and rescheduled it to begin on June 10, 2019. In doing so, the Court permitted Farah the opportunity to supplement his pro se filings. Farah subsequently filed a supplemental motion in limine and a supplemental response to the motions in limine filed by the United States. Farah also withdrew several of his previously filed pro se motions.[1] The Court addresses each pending motion, in turn.

## ANALYSIS

### I. Defendants' Motions

Several of Defendants' motions either have been withdrawn or were decided at the pretrial hearing. Five of Defendants' motions are pending: Spencer's motion to sever, three

---

[1] In particular, Farah withdrew his motions to sever, motions to dismiss the indictment, and motion to compel discovery. (Dkts. 117, 142-44, 155, 157, 166.)

pro se motions filed by Spencer that have not been expressly withdrawn, and Farah's motion to sequester all witnesses except his defense investigator.

### A. Spencer's Motion to Sever

Spencer argues that, because Farah is representing himself pro se, "there exists a high risk of irreparable prejudice" to Spencer's constitutional rights as Farah might make inculpatory statements about Spencer at trial.[2] But Farah no longer is proceeding pro se at trial. For this reason, Spencer's motion to sever is denied as moot.

### B. Spencer's Pro Se Motions

Spencer filed three pro se motions together with his April 12, 2019 motion for substitute counsel. Although Spencer withdrew his pro se motion for substitute counsel at the pretrial hearing, he has not expressly withdrawn three other pro se motions that seek dismissal of the indictment, a *Franks* hearing, and discovery pertaining to the grand jury proceedings. A "district court has no obligation to entertain pro se motions filed by a represented party." *United States v. Pate*, 754 F.3d 550, 553 (8th Cir. 2014) (internal quotation marks omitted). Accordingly, the Court declines to rule on Spencer's remaining pro se motions.

### C. Farah's Sequestration Motion

Farah moves to permit defense investigator John Lageson to remain in the courtroom during witness testimony to assist with Farah's defense, even though Lageson

---

[2] Farah's supplemental response to the motions in limine filed by the United States purports to withdraw Spencer's motion to sever. Spencer, however, has not formally withdrawn this motion.

might be called by Farah as a witness at trial. Farah seeks to sequester all other witnesses. The United States has taken no position in response to this motion.

Federal Rule of Evidence 615 governs the sequestration of witnesses during trial, providing four exemptions to sequestration:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding: (a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (d) a person authorized by statute to be present.

Fed. R. Evid. 615. This rule is designed to limit the possibility that a witness who is present in court will present testimony that is modified to comport with the testimony of other witnesses. *United States v. Ortiz*, 10 F. Supp. 2d 1058, 1060 (N.D. Iowa 1998) (citing *United States v. Klaphake*, 64 F.3d 435, 437 (8th Cir. 1995)). The burden of establishing that a Rule 615 exemption applies rests with the party seeking to exempt a witness from sequestration. *See Klaphake*, 64 F.3d at 437; *Ortiz*, 10 F. Supp. 2d at 1060.

To the extent that Farah seeks to sequester all witnesses other than his defense investigator, Farah's motion is granted in part and denied in part. At the pretrial hearing, the United States requested permission for its case agents, Special Agent Nathan Boyer and Sergeant David Swierzewski, to sit at counsel table during trial. Employees designated as representatives of an entity party are exempt from the sequestration rule. Fed. R. Evid. 615(b). This exemption permits government case agents to sit at counsel table throughout a criminal trial. *United States v. Riddle*, 193 F.3d 995, 997 (8th Cir. 1999) (citing *United*

*States v. Sykes*, 977 F.2d 1242, 1245 (8th Cir. 1992)). As Special Agent Boyer and Sergeant Swierzewski are exempt from sequestration, they may sit at counsel table during trial.

With respect to Farah's defense investigator, Lageson, Farah's motion neither cites Rule 615 nor expressly invokes a particular Rule 615 exemption. The only exemption that might apply to Lageson is the exemption for "a person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(c). A party invoking this exemption "must show that the witness has such specialized expertise or intimate knowledge of the facts that the party could not effectively function in the witness's absence." *Klaphake*, 64 F.3d at 437. "A showing that the witness's presence would be 'helpful' is not enough; the party seeking an exemption from sequestration must demonstrate that the witness's presence is 'essential' to his or her cause." *Ortiz*, 10 F. Supp. 2d at 1061.

Farah neither argues nor presents any evidence to establish that Lageson's presence in the courtroom during trial is "essential" to his defense. Farah's motion provides no information whatsoever as to Lageson's expertise or knowledge of the facts pertinent to this case. Nor does Farah explain why any aspect of Lageson's expertise or knowledge cannot be communicated to Farah's counsel before trial. *See Klaphake*, 64 F.3d at 437 (affirming district court's decision not to exempt defense witness from sequestration because, despite the witnesses' purported intimate knowledge of relevant facts, defendant did "not explain why information concerning such matters could not have been

5

communicated to his attorney prior to trial"). On this record, Farah has not established that his attorney cannot effectively function in Lageson's absence or that Lageson's presence is otherwise essential to Farah's defense.

For these reasons, Farah's sequestration motion is granted in part and denied in part. All witnesses other than the case agents for the United States, Special Agent Boyer and Sergeant Swierzewski, shall be excluded from the courtroom during trial.

## II. Motions in Limine by the United States

The United States moves in limine to (1) preclude Spencer from offering self-serving hearsay, (2) preclude Defendants from mentioning punishment, (3) admit intrinsic evidence of other bad acts committed by Defendants immediately before the charged conduct, (4) allow impeachment of Defendants through prior convictions, (5) preclude evidence and argument regarding alleged use of excessive force, and (6) admit as substantive evidence the 911 call by an eyewitness who reported the robbery charged in the indictment. The Court addresses each motion below.

### A. Motion to Preclude Spencer's Self-Serving Hearsay

The United States moves for an order precluding Spencer from offering into evidence self-serving hearsay—namely, his statement to police denying any involvement with the robbery.[3] Spencer does not oppose this motion, and Spencer's counsel advised the Court at the pretrial hearing that she does not intend to offer Spencer's hearsay

---

[3] The United States does not identify any self-serving hearsay statements by Farah.

statement into evidence at trial. Accordingly, the motion of the United States to preclude Spencer from offering his self-serving hearsay statement into evidence is denied as moot.

### B. Motion to Preclude Defendants from Mentioning Punishment

The United States next moves to preclude any reference at trial to the sentences that Defendants might receive if they are convicted. Defendants oppose this motion.

Only relevant evidence is admissible. Fed. R. Evid. 402. Typically, the punishment a defendant might face if convicted is not relevant because it has no tendency to make a fact of consequence—namely, an element of the charged offense—any more or less probable. *See* Fed. R. Evid. 401, 402. Defendants argue, however, that the punishment they might face if convicted is relevant here because Count 2 of the Indictment carries a mandatory minimum sentence and, therefore, the jury effectively serves a sentencing function when determining guilt. Defendants rely on *United States v. Polouizzi*, 564 F.3d 142, 159-63 (2d Cir. 2009), in which the United States Court of Appeals for the Second Circuit held that instructing a jury as to a mandatory minimum sentence applicable to the charged offense might be appropriate under certain circumstances. But the Eighth Circuit has held that a district court "need not instruct the jury that the defendant will receive a mandatory sentence if he or she is found guilty." *United States v. Thomas*, 895 F.2d 1198, 1200 (8th Cir. 1990). Although this type of instruction "may be necessary under certain limited circumstances," such as to correct a misstatement by a witness or an attorney as to the possible consequences of a particular verdict, *Shannon v. United States*, 512 U.S. 573,

7

587 (1994); *accord United States v. Turpin*, 593 F.3d 747, 751 (8th Cir. 2010), Defendants have not established that such circumstances are present here.

Accordingly, the motion of the United States to preclude any reference at trial to the sentences that Defendants might receive if they are convicted is granted.

### C.     Motion to Admit Intrinsic Evidence

The United States moves to admit evidence that, within the two hours before the robbery, Defendants shoplifted from a dollar store bandanas and gloves, which Defendants later used to cover their faces and hands during the robbery.

Relevant evidence "includes evidence providing the context in which the crime occurred, i.e. the *res gestae*." *United States v. Morrison*, 748 F.3d 811, 812 (8th Cir. 2014) (internal quotation marks omitted). But Federal Rule of Evidence 404(b) prohibits the introduction of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "Although *res gestae* evidence sometimes implicates the defendant in other acts," if those acts are "inextricably intertwined with the charged crime, they are not extrinsic, and thus not merely character evidence." *Morrison*, 748 F.3d at 812 (internal quotation marks omitted). Such intrinsic evidence "completes the story" of the charged offenses and is not governed by Rule 404(b). *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014) (internal quotation marks omitted); *see also United States v. Carroll*, 207 F.3d 465, 468 (8th Cir. 2000).

The United States argues that the evidence pertaining to Defendants' conduct at a dollar store shortly before the robberies is intrinsic evidence that provides context to the charged offenses. According to the United States, evidence that two individuals who appear to resemble Defendants were observed together stealing bandanas and gloves that were used in the robbery less than two hours later helps to complete the story of the charged offenses. The Court agrees. Because this evidence is intrinsic to the charged offenses, it is not subject to the limitations of Rule 404(b). Instead, this evidence is admissible at trial.[4]

The Court grants the motion of the United States to admit intrinsic evidence of the Defendants' alleged conduct at a dollar store shortly before the robbery.

### D. Motion to Allow Impeachment by Prior Conviction

The United States moves for an order permitting the use of Spencer's and Farah's prior felony convictions as impeachment evidence in the event that either Spencer or Farah chooses to testify. As relevant to this analysis, Spencer was convicted of a felony controlled-substance offense on November 13, 2015, and received a sentence of 13 months' imprisonment, and Farah was convicted of felony kidnapping and aggravated robbery on August 5, 2010, and received a sentence of 68 months' imprisonment.

---

[4] In his pro se response to this motion in limine, Farah objects on the grounds that this evidence is prejudicial and "biased towards the defendants." Farah also argued at the pretrial hearing that this evidence is not relevant because he was not charged with any crime in connection with the alleged shoplifting that occurred. But Farah offers no argument or identifiable factual or legal basis that would warrant excluding this evidence, and he no longer advances this objection in his supplemental response brief.

When a defendant testifies in a criminal trial, the defendant's prior criminal conviction of an offense that is punishable by imprisonment for more than one year is admissible to attack the defendant's character for truthfulness "if the probative value of the [conviction] outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). "[B]ecause of the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath," such convictions are probative of witness credibility. *United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005) (internal quotation marks omitted).

If either Spencer or Farah testifies, it is likely that he will offer a contradictory version of the alleged robbery and related events or deny any involvement in the robbery altogether, thereby putting his own credibility as a witness directly at issue. But Farah maintains that the probative value of his prior felony conviction is attenuated because it occurred more than nine years ago[5] and does not implicate dishonesty. The Court is mindful that Defendants' prior felony convictions involving kidnapping, robbery, and drug offenses do not implicate a witness's character for truthfulness as directly as would a conviction of fraud or tax evasion, for example. But the very existence of recent prior felony convictions is inherently probative of credibility. *See id.* at 874. As such,

---

[5]  In fact, Farah's prior felony conviction occurred *fewer* than nine years ago—and fewer than *eight* years before the offenses charged in this case. Notably, even less time has transpired since Farah was released from confinement for his prior felony conviction, which is the relevant inquiry under the rule. *See* Fed. R. Evid. 609(b) (limiting use of prior felony conviction as evidence "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later").

Defendants' prior felony convictions will be probative of their credibility should they choose to testify.

In his pro se response brief, Farah contends that the prejudicial effect of this evidence outweighs its probative value. He later argues in his supplemental brief that admitting these convictions in evidence will be prejudicial because of the chilling effect on exercising his right to testify. But he does not offer any explanation or legal authority in support of these assertions. Moreover, to the extent that Farah challenges the prejudicial effect of the facts *underlying* his prior felony conviction, that issue is not before the Court as the United States has not indicated that it intends to offer those facts as evidence.

Accordingly, the motion of the United States to allow impeachment by prior conviction is granted. The Court's ruling on this motion is limited, however, to evidence that Spencer was convicted of a felony controlled-substance offense on November 13, 2015, and evidence that Farah was convicted of felony kidnapping and aggravated robbery on August 5, 2010. The Court renders no ruling with respect to the facts underlying either conviction.

### E. Motion to Preclude Argument and Evidence of Alleged Use of Excessive Force

The United States moves to preclude evidence and argument about any alleged use of excessive force during the apprehension and arrest of Spencer and Farah on March 23, 2018. The United States argues that such evidence is irrelevant. Both Spencer and Farah oppose the motion on the ground that evidence of the officers' use of excessive force is intrinsic evidence that provides context and "completes the story" of the charged offenses.

Farah also asserts that this evidence of excessive force is relevant because he alleges that the police recovered evidence from his body during his arrest "that was then planted in other areas in order to create erroneous circumstantial evidence to inculpate" Farah.

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant when it has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401; *see also Morrison*, 748 F.3d at 812 (stating that relevant evidence "includes evidence providing the context in which the crime occurred" (internal quotation marks omitted)). Although the circumstances of Defendants' arrests appear to have little, if any, tendency to make the elements of the alleged offenses more or less probable, the current record is insufficient for the Court to make a conclusive determination as to whether such evidence might be relevant or otherwise provide useful context to a jury. For this reason, the Court reserves its ruling on the admissibility of such evidence until it is necessary to do so in the context of trial.

The motion of the United States to preclude evidence and argument regarding any alleged use of excessive force is denied without prejudice.

### F. Motion to Admit 911 Call as Substantive Evidence

The United States moves to admit as substantive evidence the 911 call by an eyewitness who reported the robbery charged in the indictment. The United States submits that this 911 call is admissible as a present sense impression and excited utterance. Defendants counter that the probative value of this evidence is substantially outweighed by the dangers of unfair prejudice and confusing the jury. *See* Fed. R. Evid. 403. Farah also

argues that admission of this evidence would violate his Sixth Amendment right to confrontation.

The present-sense-impression exception to the hearsay rule provides that "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it" is "not excluded by the rule against hearsay." Fed. R. Evid. 803(1). Under the excited-utterance exception to the hearsay rule, such evidence is admissible if it is a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). Neither Spencer nor Farah disputes that these exceptions to the rule against hearsay apply to the 911 call. Indeed, the 911 call was made by an eyewitness who reported his observation of events as they happened. And the caller's stress and excitement are audible throughout the 911 call. For these reasons, the 911 call is admissible under both the present-sense-impression exception and the excited-utterance exception to the rule against hearsay.

Defendants argue that the 911 call should be excluded or redacted because it is unfairly prejudicial and could confuse the jury. *See* Fed. R. Evid. 403 (permitting exclusion of relevant evidence if its probative value is substantially outweighed by danger of unfair prejudice or confusing the jury). Some parts of the recording are difficult to understand because the eyewitness and the 911 operator are speaking at the same time. The eyewitness is audibly excited, scared and, at points, equivocal in his description of the events that he is witnessing. But even when these factors are considered, there is nothing in the 911 call

that creates a risk of unfair prejudice or confusion that substantially outweighs its probative value. As such, Defendants' Rule 403 argument is unavailing.

Farah also contends that, because the 911 call is testimonial, he has a Sixth Amendment right to confront and cross-examine the eyewitness who made the call. The Confrontation Clause of the Sixth Amendment "bars the admission of *testimonial* hearsay unless the declarant is unavailable and the defendant has had a prior opportunity for cross examination." *United States v. Clifford*, 791 F.3d 884, 887 (8th Cir. 2015) (emphasis added) (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004)). Witness statements made in response to police interrogation ordinarily are testimonial. *Id.* But witness statements are nontestimonial when "the primary purpose of an interrogation is to respond to an ongoing emergency." *Michigan v. Bryant*, 562 U.S. 344, 358 (2011) (internal quotation marks omitted). It is clear from the recording that the eyewitness was calling 911 for assistance during an ongoing emergency. Any statements that the 911 operator elicited during the call clearly "were necessary to be able to *resolve* the present emergency, rather than simply to learn . . . what had happened in the past." *Davis v. Washington*, 547 U.S. 813, 827 (2006). Farah's Confrontation Clause argument fails because the 911 caller's statements are nontestimonial.

For these reasons, the motion of the United States to admit as substantive evidence the eyewitness's 911 call is granted.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Mario Martell Spencer's motion to sever, (Dkt. 124), is **DENIED AS MOOT**.

2. Defendant Ahmed Osman Farah's motion in limine to sequester all witnesses except defense investigator John Lageson, (Dkt. 175), is **GRANTED IN PART AND DENIED IN PART** as addressed herein.

3. Plaintiff United States of America's motion in limine to preclude Defendant Mario Martell Spencer from offering self-serving hearsay, (Dkt. 128), is **DENIED AS MOOT**.

4. Plaintiff United States of America's motion in limine to preclude Defendants from mentioning punishment, (Dkt. 131), is **GRANTED**.

5. Plaintiff United States of America's motion in limine to admit intrinsic evidence of other bad acts committed by Defendants immediately before the charged conduct, (Dkt. 133), is **GRANTED**.

6. Plaintiff United States of America's motion in limine to allow impeachment of Defendants through prior convictions, (Dkt. 135), is **GRANTED**.

7. Plaintiff United States of America's motion in limine to preclude evidence and argument regarding alleged use of excessive force, (Dkt. 137), is **DENIED** without prejudice.

8. Plaintiff United States of America's motion in limine to admit as substantive evidence the 911 call of an eyewitness, (Dkt. 139), is **GRANTED**.

Dated: June 5, 2019					s/Wilhelmina M. Wright  
							Wilhelmina M. Wright  
							United States District Judge