UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-0114(1) (WMW/HB) |
| Plaintiff, | |
| v. | **ORDER** |
| Mario Martell Spencer, | |
| Defendant. | |

This matter is before the Court on Defendant Mario Martell Spencer's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (Dkt. 335.) Plaintiff United States of America opposes the motion. For the reasons addressed below, the motion is denied.

## BACKGROUND

In June 2019, a jury convicted Spencer of interference with commerce by robbery and using, carrying and brandishing a firearm during and in relation to a crime of violence. The Court sentenced Spencer to consecutive terms of 72 months' imprisonment for the robbery conviction and 84 months' imprisonment for the firearm conviction. Spencer appealed, challenging the jury instructions, the prosecutor's conduct during closing statements and the Court's calculation of Spencer's sentencing guideline range. The United States Court of Appeals for the Eighth Circuit affirmed the rulings. *United States v. Spencer*, 998 F.3d 813 (8th Cir. 2021). Spencer now moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, arguing that aiding and abetting robbery is not a

crime of violence and that he received ineffective assistance of counsel. Spencer also requests an evidentiary hearing. The United States of America opposes Spencer's motion.

## ANALYSIS

A federal prisoner may move to vacate a conviction or sentence "for jurisdictional and constitutional errors" or fundamental errors of law that inherently result in "a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted). A pro se litigant's filings are liberally construed and held to less stringent standards than filings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But it is the defendant's burden to establish that Section 2255 relief is warranted. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004); *Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970).

### I.     Aiding and Abetting Robbery

Spencer argues that his conviction and sentence for using, carrying and brandishing a firearm during and in relation to a crime of violence should be vacated because aiding and abetting robbery is not a crime of violence. Citing *United States v. Taylor*, ___ U.S. ___, 142 S. Ct. 2015 (2022), Spencer contends that the Court should extend that holding and apply it to this case.

A defendant who brandishes a firearm during the commission of a crime of violence is subject to the penalties imposed by 18 U.S.C. § 924(c)(1)(A)(ii). A crime of violence is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another or . . . that by its nature,

involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(a)-(b).

To obtain a conviction for a *completed* robbery the United States must prove that the defendant "engaged in the 'unlawful taking or obtaining of personal property from the person . . . of another, against his will, by means of actual or threatened force.'" *Taylor*, \_\_\_ U.S. at \_\_\_, 142 S. Ct. at 2020. By contrast, attempted robbery requires two elements: "(1) The defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *Id.* (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007)). "[A]ttempted Hobbs Act robbery does not satisfy the elements clause" of the definition of a crime of violence. *Id.* Consistent with the United States Supreme Court's analysis in *Taylor*, the United States Court of Appeals for the Eighth Circuit has held that a *completed* Hobbs Act robbery constitutes a crime of violence because an essential element of the offense is the use, attempted use, or threatened use of physical force against the person of another. *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017).

Liability for aiding and abetting another person's crime is not a separate offense from the underlying conduct, "it simply makes those who aid and abet in a crime punishable as principals." *United States v. Thirion*, 813 F.2d 146, 151 (8th Cir. 1987).

Spencer argues that *Taylor*'s holding should extend to this case and that his conviction for robbery should not be considered a predicate crime of violence. An aiding and abetting theory of liability, like liability for attempt, does not require proof that Spencer brandished a weapon during the crime, Spencer contends. The United States disagrees,

arguing that *Taylor* is inapposite and that culpability is the same regardless of whether one is the principal or aids and abets the principal.

Here, the holding of *Taylor* does not apply. The jury convicted Spencer of a completed Hobbs Act robbery, which is a crime of violence. *See United States v. Moore*, No. 22-1899, 2022 WL 4361998, at *1 (8th Cir. 2022) ("Though the Supreme Court recently held that attempted Hobbs Act robbery is not a crime of violence [in *Taylor*], the plea agreement established that Moore pleaded guilty to completed Hobbs Act robbery, which is a crime of violence.") (citing *Diaz*, 863 F.3d at 783). Whether the jury convicted Spencer under the theory of aiding and abetting or as a principal is irrelevant to the level of culpability because "those who aid and abet in a crime [are] punishable as principals." *Thirion*, 813 F.2d at 151. Because Spencer is liable as a principal for the crime of a completed Hobbs Act robbery, he is liable for a crime of violence under 18 U.S.C § 924(c). The Court, therefore, denies this aspect of Spencer's request for Section 2255 relief.

## II. Ineffective Assistance of Counsel

Spencer contends that his conviction and sentence should be vacated because he received ineffective assistance of counsel. Specifically, Spencer argues that his attorney unreasonably failed to challenge the verdict form because the verdict form did not require the jury to determine whether Spencer aided and abetted the underlying criminal conduct.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the [a]ssistance of [c]ounsel for his defen[se]." U.S. Const. amend. VI. A defendant in a criminal case is constitutionally entitled to the *effective* assistance of counsel. *Evitts v. Lucey*, 469 U.S.

4

387, 395 (1985). A claim of ineffective assistance of counsel may be brought in a collateral proceeding under Section 2255 even if the petitioner could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. Jones*, 121 F.3d 369, 370 (8th Cir. 1997) (observing that claims of ineffective assistance of counsel typically are not subject to procedural default because such claims usually are not cognizable on direct appeal).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," and courts apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Counsel's "strategic choices" executed after a thorough investigation of the relevant law and facts "are virtually unchallengeable." *Id.* at 690.

It is impermissible for a court to constructively amend the essential elements of an offense as charged in an indictment. *United States v. Joiner*, 39 F.4th 1003, 1010-11 (8th Cir. 2022). "Jury instructions constructively amend [a charge] if they allow the jury to convict the defendant of a different offense than the one alleged in the indictment." *United States v. Brown*, 330 F.3d 1073, 1077 (8th Cir. 2003). Proper jury instructions "advise the jury of the essential elements of the offenses charged and the burden of proof required of the government." *United States v. Rice*, 449 F.3d 887, 895 (8th Cir. 2006) (citing *United*

5

*States v. Sherer*, 653 F.2d 334, 337 (8th Cir. 1981)). Courts must look at the jury instructions and the verdict form as a whole when determining whether they constructively amend the indictment. *United States v. Lara-Ruiz*, 681 F.3d 914, n. 10 (8th Cir. 2012) (citing *United States v. Brown*, 330 F.3d 1073, 1077 (8th Cir. 2003)). Co-conspirator liability arising from aiding and abetting is not a separate offense, "it simply makes those who aid and abet in a crime punishable as principals." *Thirion*, 813 F.2d at 151.

Here, Spencer contends that his attorney provided ineffective assistance by failing to challenge the verdict form's language. Spencer argues that his counsel should have requested a special verdict form, specifying whether the jury found Spencer guilty of the underlying offense or of aiding and abetting the underlying offense. Because the verdict form did not ask the jury to determine liability for aiding and abetting the underlying offense, Spencer maintains that the guilty verdict constructively amended the indictment. The United States counters that it was not unreasonable for Spencer's counsel to fail to object to the verdict form because the jury instructions and the verdict form properly instructed the jury as to the essential elements of the offense.

The Court instructed the jury on the elements of each charge against Spencer. The Court also instructed the jury on aiding and abetting liability as to each charge. This presentation of the jury instructions was appropriate because aiding and abetting is a theory of co-conspirator liability, not a separate criminal offense. The jury properly could have found Spencer guilty of either the underlying count or aiding and abetting Spencer's co-defendant in the underlying count. The jury instructions and the verdict form, taken together, provided proper instruction to the jury. On this basis, Spencer's counsel was not

6

unreasonable for not objecting to the verdict form.  Moreover, Spencer has not established prejudice because, when reading the verdict form and the jury instructions together, the jury was properly instructed as to the elements of the offense and the theories of liability.

Because Spencer has not demonstrated that defense counsel provided ineffective assistance by failing to object to the verdict form, the court denies this aspect of Spencer's Section 2255 motion.

### III.   Evidentiary Hearing

A district court may hold an evidentiary hearing on a Section 2255 motion to resolve disputed material facts.  *See* 28 U.S.C. § 2255(b).  But an evidentiary hearing is not required if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003).  Here, for the reasons addressed above, Spencer's allegations of improper convictions and sentences are contradicted by the record and, with respect to his arguments about aiding and abetting liability, inherently incredible. An evidentiary hearing, therefore, is not warranted.

### IV.   Certificate of Appealability

When a final order is issued in a Section 2255 proceeding, a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons addressed above, the Court concludes that Spencer has not made a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability shall issue.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Mario Martell Spencer's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, (Dkt. 335), is **DENIED**.

2. No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 24, 2023                     s/Wilhelmina M. Wright
                                         Wilhelmina M. Wright
                                         United States District Judge